UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JANICE MARTIN

    Plaintiff,                                          Hon. Ellen S. Carmody

v.

                                                 Case No. 1:08-cv-1195

CHALLENGE MANUFACTURING CO., et al.

    Defendants.

_____/


## OPINION

This matter is before the court on Defendants' Motion for Summary Judgment. (Dkt. #24). For the reasons discussed below Defendants' motion is **denied**.


## BACKGROUND

Defendant Challenge Manufacturing Company ("Challenge") employed Plaintiff as a machine operator in February of 2007. Plaintiff claims to have been sexually assaulted on February 9, 2010, by Kelvin Javier Campos-Cuardrado, a Challenge employee. Plaintiff alleges that Mr. Campos-Cuardrado was acting in a supervisory role that day. Challenge refutes that Mr. Campos-Cuardrado was acting in a supervisory role at the time of the alleged assault, however, Challenge later admitted in its Answer that Mr. Campos-Cuardrado was acting in a supervisory capacity.

Plaintiff did not report the sexual assault to Challenge. Plaintiff later reported the alleged sexual assault to the Walker Police Department ("WPD"). WPD conducted an initial investigation

1

into the incident, including speaking with management at Challenge and questioning Mr. Camps-Cuadrado. On Monday, February, 12, 2007, and Tuesday, February 13, 2007, Plaintiff called into work "sick," reportedly at the direction of WPD. For the duration of the week Plaintiff failed to report to work and failed to report her absences.

Plaintiff was subsequently terminated from her employment. Challenge maintains she was terminated because she violated the "no-call, no-show" policy[1]. Plaintiff asserts that she was terminated because she filed a report with the WPD regarding the alleged sexual assault.

Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC concluded that there existed reasonable cause to believe a violation had occurred. Challenge declined to enter into settlement discussions with Plaintiff. Subsequently, Plaintiff filed this case.

Plaintiff initiated this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended; 42 U.S.C.A. §2000e to 2000e-17; and the Elliot Larsen Civil Rights Act ("ELCRA"), as amended. Plaintiff did not specify which claims would be pursued under Title VII, 42 U.S.C.A §2000e to 2000e-17, nor the ELCRA[2].

Plaintiff's brief in response to Defendants' motion for summary judgment raises three specific claims. Plaintiff asserts a claim for a hostile work environment, retaliation, and constructive

---

[1] Challenge has a three day no-call, no-show policy. Any employee who does not report his or her absence from work on three consecutive occasions is considered to have voluntarily resigned.

[2] Fed. R. Civ. P. 12(e) allows a party to move for a more definite statement. This requires a party to clarify vague or ambiguous statements or claims contained in the initial pleadings. A motion under Rule 12(e) must be made before filing a responsive pleading. Defendants did not make a motion under Rule 12(e) before filing a responsive pleading and are left with the vague assertions of a cause of action alleged in Plaintiff's pleadings.

discharge. Defendants argue that Plaintiff cannot show that filing a police report is a protected activity and, therefore, cannot make a satisfactory prima facie showing of retaliation; and secondly, that even if Plaintiff establishes the requisite prima facie cases, Plaintiff cannot refute Defendants' proffered legitimate, nondiscriminatory rationale.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606 (6th Cir. 1992). However, in ruling on a motion, the "nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Fed. R. Civ. P. 56(e).

In order to defeat a motion for summary judgment the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party fails to set out specific facts which show there is a genuine issue for trial, summary judgment is appropriate. *See Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d. 934, 937 (6th Cir. 1989); *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 626 (6th Cir. 1987).

Mere allegations of a cause of action will not suffice to avoid summary judgment. The party with the burden of proof at trial is obligated to provide "concrete evidence supporting its claims and establishing the existence of a genuine issue of fact." *Celotex* at 322; *First National Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253 (1968). Further, the nonmoving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon

credibility considerations." *See Fogerty v. MGM Group Holdings Corp. Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id*. at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005).

At the summary judgment stage, a plaintiff must demonstrate direct or circumstantial evidence to prevail on a Title VII discrimination claim. *See Upshaw v. Ford Motor Co.*, 576 F.3d 576 (6th Cir. 2009). Direct evidence of discrimination is evidence, which if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999); *Terbovitz v. Fiscal Court of Adair County*, 825 F.2d 111 (6th Cir. 1987); *Smith v. Leggett Wire Co.*, 220 F.3d 752 (6th Cir. 2000) (only pertinent comments proximately made by company decision makers may constitute direct evidence of discrimination); *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) ("direct evidence of discrimination does not require a fact finder to draw inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group").

Once the plaintiff has provided direct evidence of discrimination, the burden of persuasion shifts to the defendant to show that it would have terminated the plaintiff's employment regardless of any discriminatory animus. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-5 (1989);

4

*Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078 (6th Cir. 1994).

If no direct evidence of discrimination is produced, the *McDonnell Douglas/Burdine* framework is triggered. *See Mitchell v. Toledo Hospital*, 964 F.2d 577 (6th Cir. 1992). Under the *McDonnell Douglas/Burdine* framework a plaintiff relies on circumstantial evidence to prove her discrimination case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). In order to prevail on circumstantial evidence the plaintiff must first establish a prima facie case of discrimination. *See Dews v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000). If the plaintiff establishes a prima facie case of discrimination "the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for its decision." *Id*. at 1020-21. If the employer carries its burden of showing a nondiscriminatory reason, the burden of production shifts back to the plaintiff to demonstrate that the reasons offered by the employer are mere pretext for discrimination. *Id*; *Jones v. Potter*, 488 F.3d 397, 502 (6th Cir. 2007) (employee has the burden of demonstrating pretext). The prima facie standards of the *McDonnell Douglas/Burdine* framework serve as a "flexible evidentiary standard" but are not intended to pose a more stringent pleading requirement than is required by the Federal Rules of Civil Procedure. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

**a. Retaliation**

To establish a prima facie case of retaliation, Plaintiff must show: (1) she engaged in a protected activity under Title VII; (2) the employer had knowledge that she engaged in such activity; (3) she was subject to an adverse employment action; and (4) there exists a causal connection between the protected activity and the adverse employment action. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). The ELCRA has applied the same standards for

establishing a claim of retaliation. *See Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989).

Title VII separates protected activities into two classes: opposition and participation. *See Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714 (6th Cir. 2008). An opposition activity is one "opposing any practice that the employee reasonably believes to be a violation of Title VII . . . [w]hether or not the challenged practice is found to be unlawful." *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579-80 (6th Cir. 2000). A plaintiff must demonstrate that her "opposition" was reasonable and based on a good-faith belief that the employer was acting in violation of Title VII. *See Warren v. Ohio Dep't of Public Safety*, 24 Fed. App. 259, 265 (6th Cir. 2001). Participation activities occur when the employee "has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Niswander*, 529 F.3d at 719. Thus, If Plaintiff can establish that she was participating in a protected participation or opposition activity, she can satisfy the first prong of a retaliation prima facie case.

Under prong four of a retaliation prima facie case, Plaintiff must produce "sufficient evidence from which an inference can be drawn that [s]he would not have been fired had [s]he not engaged in the protected activity." *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000); *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997). Causation can be inferred from indirect or circumstantial evidence, including evidence that Defendant treated Plaintiff differently than similarly situated employees or that adverse action was taken shortly after Plaintiff exercised her protected rights. *Nguyen*, 229 F.3d at 563. To prove causation, Plaintiff need only "proffer evidence 'sufficient to raise the inference that the protected activity was the likely reason for the adverse action.'" *Zanders v. National R.R. Passenger Corp.*, 898 F.2d 1127, 1135 (6th Cir.

6

1990) (quoting *Cohen v. Fred Meyer Inc.*, 686 F.2d 793, 796 (9th Cir. 1982)).

### b. Hostile Work Environment

In order for Plaintiff to make her prima facie showing for a hostile work environment claim, she must show that (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her sex; (4) the harassment had the effect of unreasonably interfering with her work performance and creating a hostile or offensive work environment; and (5) the existence of vicarious liability. *See Clark v. United Parcel Serv., Inc.*, 400 F.3d 341, 347 (6th Cir. 2005); *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48 (6th Cir. 1996). Hostile work environment claims under the ELCRA are evaluated according to substantially similar framework as a Title VII claim. *See Radtke v. Everett*, 442 Mich. 368, 382-83 (1993).

### c. Constructive Discharge

A claim for constructive discharge is distinguished from the previous two claims because it is not analyzed under the *McDonnell Douglas/Burdine* framework. The Supreme Court recently held that a claim for constructive discharge is an independent and tangible employment action under Title VII. *See Pennsylvania State Police v. Suders*, 542 U.S. 129 (2004). The Sixth Circuit allowed a constructive discharge case to stand when "working conditions are such that a reasonable person in the employee's shoes would feel compelled to resign." *See Henry v. Lennox Industries, Inc.*, 768 F.2d 746, 752 (6th Cir. 1985); *Kocsis v. Multi-Care Management Inc.*, 97 F.3d 876, 887 (6th Cir. 1996). A finding of constructive discharge "requires an inquiry into the intent of the employer." *See Held v. Gulf Oil Co.*, 684 F.2d 427, 432 (6th Cir. 1982).

**ANALYSIS**

Plaintiff has established the requisite prima facie elements required to advance her claims under the *McDonnell Douglas/Burdine* framework.[3] Two issues arise when evaluating the sufficiency of Plaintiff's claims under the *McDonnell Douglas/Burdine* framework: (1) whether filing a police report is a protected activity; and (2) assuming Plaintiff established the requisite prima facie elements to advance her claims under the *McDonnell Douglas/Burdine* framework, has Plaintiff submitted any evidence to refute Defendants' proffered legitimate, nondiscriminatory rationale.

**a. Plaintiff's actions were protected under Title VII**

As noted, there are two categories of protected activity: participation and opposition activities. Plaintiff is not protected under "participation activities" because the conduct in question (making a police report regarding alleged sexual assault) did not occur within a Title VII proceeding. Therefore, the only way for Plaintiff's conduct to be construed as a "protected activity" is for it to be categorized as an opposition activity.

An individual participates in an opposition activity when she "has opposed any practice made an unlawful employment practice by [Title VII]." *Niswander*, 529 F.3d at 719-20; 42 U.S.C. 2000e-3(a). Examples of "opposing" conduct include "complaining to *anyone* . . . about allegedly unlawful practices . . . ." *See Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000) (emphasis added). The only requirement is that the opposition must be "based on a 'reasonable and

---

[3] The Court acknowledges that Plaintiff provided some direct evidence of discrimination, however, the Court cannot dispose of Defendants' Motion for Summary Judgment solely on this basis. Plaintiff provided evidence that Defendant Fryman, a Challenge supervisor told her "you never should have contacted the police, you would have your job right now." (Martin Dep. 88).

good faith belief that the opposed practices were unlawful'." *Id*. at 579; (citation omitted); *Keys v. U.S. Welding, Fabricating & Mfg., Inc.*, 1992 WL 218032 at *5 (under § 704(a) of Title VII [the plaintiff] needed only a 'good faith belief' that the company practice about which he was complaining violated Title VII; it is irrelevant whether the allegations are ultimately determined to violate Title VII).

Other courts have held that filing a report with the police is a protected "opposition" activity. *See Borrero v. Collins Building Services, Inc.*, 2002 WL 31415511 *14 (an employee's report to the police regarding an alleged sexual assault was protected activity); *Grant v. Hazlett Strip-Casting Corp.*, 880 F.2d 1564, 1569 (2d Cir. 1989) (holding that pursing a criminal proceeding against an alleged harasser is a protected activity because "Congress sought to protect a wide range of activity in addition to the filing of a formal complaint"); *Scarborough v. Board of Trustees Florida A&M University*, 504 F.3d 1220 (11th Cir. 2007) (holding that an employee's involvement of the police in response to an alleged sexual harassment was a protected activity that prohibited retaliation); *Worth v. Tyer, et., al.*, 276 F.3d 249, 265 (7th Cir. 2001) ("a plaintiff that reports [sexual harassment] to the police clearly 'opposes' it within the meaning of 42 U.S.C. 2000e-3(a)").

Plaintiff filed a report with WPD regarding the alleged sexual assault. The Court finds that Plaintiff was participating in a protected opposition activity and that her actions were reasonable and based on a "good faith belief that the opposed practices were unlawful." *Johnson*, 215 F.3d at 579; *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) ("It is possible for an employee to reasonably believe that the specified conduct amounts to harassment even when that conduct would not actually qualify as harassment under the law"). Clearly, if the jury believes the alleged assault occurred and that the assailant was acting in a supervisory capacity, such would be

9

sufficient to arguably establish a finding of sexual harassment for which Challenge could be found liable on the basis of respondeat superior.[4] Therefore, Defendants' argument that Plaintiff was not participating in a protected activity is without merit.

The Court notes that the remaining prongs of the requisite prima facie case for a claim of retaliation are presumptively satisfied. As a woman, Plaintiff is a member of a protected class. Additionally, Defendants' became aware that Plaintiff exercised her protected rights when WPD notified Challenge of the alleged sexual assault. And finally, Plaintiff provided sufficient evidence to establish a causal connection between her protected activity and her termination.

To establish the element of causation, Plaintiff must produce "sufficient evidence from which an inference can be drawn that [she] would not have been fired had [she] not engaged in protected activity." *Nguyen* 229 F.3d at 563. During her deposition Plaintiff reported that she was told by Defendant Fryman that "you never should have contacted the police, you would have your job right now. . ." (Martin Dep. 88). Plaintiff's statement, made under oath, relates a causal connection between the employment action and Plaintiff's exercise of her protected rights. Additionally, Plaintiff provided a note that cites her violation of the "no-call, no-show" policy; however the note is dated on the second day of Plaintiff's not calling in nor showing. (Dkt. #24, Ex. 4) A jury could find that Defendants' conduct was not motivated by their proffered legitimate, nondiscriminatory rationale, but rather by a deliberate effort to discriminate against her. Therefore, Plaintiff has established the requisite prima facie elements to advance her claim to step two of the

---

[4] The Court is not suggesting that Challenge cannot assert defenses to respondeat superior liability but simply that they are not entitled to summary judgment.

*McDonnell Douglas/Burdine* analysis[5].

**b. Plaintiff provided sufficient evidence to refute Defendants' proffered rationale**

At step two of the *McDonnell Douglas/Burdine* analysis, the employer bears the burden of articulating a legitimate, non-discriminatory rationale for its employment decision. Once accomplished, the burden shifts back to the plaintiff to refute the employer's proffered legitimate, non-discriminatory rationale. The plaintiff can refute the proffered rationale by showing "(1) that the proffered reasons had no basis in fact; (2) that the proffered reasons did not actually motivate the action; or (3) that they [the proffered reasons] were insufficient to motivate the action." *Meyers v. U.S. Cellular Corp.*, 257 Fed. App. 947 (6th Cir. 2007) (quoting *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 883 (6th Cir. 1996)).

Defendants have offered a legitimate, nondiscriminatory rationale for their employment action. Defendants offered evidence of Plaintiff's awareness and partial compliance with the call-in policy. (Martin Dep. at 30-32; 76, 84, 89). Therefore, Defendants assert that Plaintiff's employment was rightfully terminated because she violated the three day no-call, no-show policy. Plaintiff, however, put forth evidence that calls into question the validity of Defendants' proffered rationale.

During Plaintiff's deposition, she reported that Defendant Fryman told her "you never should have contacted the police, you would have your job right now. . . ." (Martin Dep. 88). Additionally, Plaintiff asserts that the "voluntary resignation" notice Defendant produced is fraudulent. (Dkt. #24 Ex. 4) Plaintiff calls to the Court's attention that the note is originally dated

---

[5] The Court notes that Defendants' have not challenged the sufficiency of the prima facie case for a hostile work environment claim. Therefore, the court will presume that Plaintiff sufficiently established the requisite prima facie case and will consider the second step of the *McDonnell Douglas/Burdine* analysis.

February 15, 2007. Plaintiff notes that February 15, 2007, would have been Plaintiff's *second* day of not calling in nor showing to work. Plaintiff alleges that the note was written, and the decision made to terminate her employment, prior to her third day of not calling nor showing up for work. Therefore, Plaintiff argues that since she hadn't yet violated the three day call-in policy, Defendants' proffered legitimate, nondiscriminatory rationale was a mere pretext for discriminating against her.

The Court finds that Plaintiff's testimony and the existence of an employment notice dated one day prior to Plaintiff's third "no-call, no-show" is sufficient to introduce a genuine issue of material fact as to the validity of Defendants' rationale.

Summary judgment is not appropriate if the opponent to the motion for summary judgement can show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial'." Plaintiff provided sufficient evidence to introduce a genuine issue of material fact; therefore, Defendants' motion for summary judgement is denied. *See Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

## CONCLUSION

For the aforementioned reasons, Defendants' Motion for Summary Judgment (Dkt. #24) is **denied**.

An Order consistent with this Opinion will enter.

Date: March 17, 2010         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge